NO. 07-06-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 6, 2006

_____

RANDALL DIXON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 290TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2004-CR-7578; HON. SHARON MACRAE, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Randall Dixon (appellant) appeals his criminal convictions. Per an extension of the deadline previously granted him, his appellate brief was due by November 15, 2006. Yet, it has not been received to date. This court informed appellant of this circumstance by letter dated November 22, 2006, and told him that unless a brief or response to our letter was received by the Court "on or before Monday, December 04, 2006, the appeal will be

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2006).

abated to the trial court." December 4th passed without appellant filing either a brief or response to our November 22nd letter.

Consequently, we abate the appeal and remand the cause to the 290th District Court of Bexar County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant is indigent;

2. whether appellant desires to prosecute the appeal; and

2. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before January 5, 2007. Should

additional time be needed to perform these tasks, the trial court may request same on or before January 5, 2007.

It is so ordered.

Per Curiam

Do not publish.